# United States Court of Appeals
# for the Fifth Circuit

_____

No. 24-51014
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**

July 29, 2025

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

DOUGLAS NOE VILLEDA-MARTINEZ,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:24-CR-1847-1

_____

Before HIGGINBOTHAM, ENGELHARDT, and RAMIREZ, *Circuit Judges*.

PER CURIAM:[*]

Douglas Noe Villeda-Martinez appeals following his conviction for illegal reentry in violation of 8 U.S.C. § 1326(a), arguing for the first time on appeal that the statutory sentencing enhancement in § 1326(b) is unconstitutional. He concedes this argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), and the Government has filed a

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 24-51014

motion for summary affirmance or, alternatively, for an extension of time in which to file a brief. Villeda-Martinez takes no position on the motion.

The parties are correct that the argument is foreclosed. *See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019); *see also Erlinger v. United States*, 602 U.S. 821, 838 (2024) (explaining that *Almendarez-Torres* "persists as a narrow exception permitting judges to find only the fact of a prior conviction" (internal quotation marks and citation omitted)). Summary affirmance is therefore appropriate. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). Accordingly, the motion for summary affirmance is GRANTED, the alternative motion for an extension of time is DENIED, and the judgment of the district court is AFFIRMED.